[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT HENRY KNOX SHERRILL COOPERATIVE,INC. MOTION FOR SUMMARY JUDGMENT
The plaintiff, Dean Spataj, D/B/A T.D. Painting (Spataj), commenced this action against the defendants, Henry Knox Sherrill Cooperative, Inc., a/k/a The Friendship Housing Co-Op (Knox), and Van-Court Management Services, Ltd. (Van-Court), on April 21, 1994. The first count, which is the only count direct at Knox, alleges that Spataj entered into an oral agreement with Knox whereby Knox promised to pay Spataj $27,000.00 in equal installments for professional painting services. Spataj alleges that he performed and completed the painting services in a workmanlike manner, that Knox paid two installments on the contract, but that it failed to pay Spataj the final payment, and that Knox has been unjustly enriched.
On June 8, 1994, Knox filed an answer, one special defense, and a counterclaim. The special defense asserts that the "Plaintiff's contract is not in writing and Plaintiff has no certificate of registration from the Commissioner of Consumer Protection, therefore, the contract is not valid or enforceable and Plaintiff is barred from all recovery."
Before the court at this time is a motion for summary judgment filed by Knox alleging that there is no genuine issue of material fact with respect to the special defense, and that it is entitled to judgment as a matter of law with respect to the first count. Each side has filed a memorandum of law along with supporting documentary evidence.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (citation omitted; CT Page 6262 internal quotation marks omitted.) Barrett v. Danbury Hospital,232 Conn. 242, 250,___ A.2d ___ (1995).
Knox moves for summary judgment on the basis that there is "no issue of material fact" and that it is entitled to judgment as a matter of law pursuant to General Statutes § 20-429, the Home Improvement Act. It argues that the alleged agreement lacks all of the "essential features" of "a valid and enforceable home improvement contract."
Spataj counters that the Home Improvement Act is inapplicable because it only governs improvements made to private residences or residential rental properties, which are defined as "consisting of not more than six units. . . ." Spataj emphasizes that the oral agreement at issue involved the exterior painting of seven multifamily dwellings.
General Statutes § 20-419, the definitional section of the Home Improvement Act, states, in part, that "`Home improvement' includes, but is not limited to, the repair, replacement, remodeling, alteration, conversion, modernization, improvement, rehabilitation or sandblasting of, or addition to any land or building or that portion thereof which is used or designed to be used as a private residence, dwelling place or residential rental property. . . ." General Statutes § 20-419 (4). The statute further provides that "`Private residence' means a single family dwelling, a multifamily dwelling consisting of not more than six units, or a unit, common element or limited common element in a condominium, as defined in section 47-68a, or in a common interest community, as defined in section 47-202." General Statutes § 20-419(8). Finally, General Statutes § 20-419 (10) provides that "`Residential rental property' means a single family dwelling, a multifamily dwelling consisting of not more than six units, or a unit, common element or limited common element in a condominium, as defined in section 47-68a, or in a common interest community, as defined in section 47-202, which is not owner occupied."
In support of its summary judgment motion, Knox has submitted an affidavit, Spataj's reply to Knox's request for production and Spataj's responses to Knox's request to admit. The affidavit provides in pertinent part that "No written contract or agreement exists between the Plaintiff in this action and Henry Knox Sherrill Co-op, Inc. or Friendship Houses Co-op." Spataj's reply to the defendant's request for production states that "he is not CT Page 6263 licensed with the Comm. of Consumer Protection under the Home Improvement Act, Conn. Gen. Stat. Section 20-417, et seq., in that I am not required to do so for commercial construction and repair." Similarly, Spataj's responses to Knox's request to admit reveal that Spataj acknowledges that he is not a registered home improvement contractor under the Act, there was no written, signed contract between the parties for painting services, and there is no agreement containing a notice of Knox's cancellation rights under General Statutes § 42-134. Spataj denies, however, that "[t]here is no agreement between Plaintiff and Defendant which contains a starting date and a completion date for painting services."
The court is of the opinion that Knox has not met its burden of showing that there is no genuine issue of fact and that the dwellings at issue are governed by the Home Improvement Act. Certain premises are included within the definitional sections of the Home Improvement Act, others are not, and Knox has not established whether, as a matter of fact, the multifamily dwellings at issue fall within the coverage of the Act.
Accordingly, since an issue of material fact relative to the special defense remains unresolved, the motion for summary judgment must be, and is, denied.
William L. Hadden, Jr., Judge